

*1046575046*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

CJ-2020-1924

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 2 0 2020

RICK WARREN
COURT CLERK
50

| | |
|---|---|
| Cait Chapman,<br><br>          Plaintiff,<br><br>vs.<br><br>(1) Board of County Commissioners of<br>    Oklahoma County, State of Oklahoma,<br>(2) Joseph Hedderman, an individual,<br>(3) P.D. Taylor, Sheriff of Oklahoma County, in<br>    his Official Capacity,<br><br>          Defendants. | Case No. |

## PETITION

**COMES NOW** Cait Chapman ("Plaintiff"), by and through her attorneys, Darrell Downs and Colton G. Scott, of the Taylor, Foster, Mallett, Downs, Ramsey & Russell law firm and for her causes of action and allege and state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to Oklahoma and Federal law. *See Howlett v. Rose*, 496 U.S. 356, 358, 380-81, 110 S.Ct. 2430, 2433, 2445-46, 110 L.Ed.2d 332 (1990).

2.      Venue is proper in this court as all related actions took place in Oklahoma County, Oklahoma.

3.      Plaintiff has complied with the State of Oklahoma's Governmental Tort Claims Act, in that Plaintiffs served on Defendant a Tort Claim Notice on July 22, 2019 providing notice of numerous claims against the Board of County Commissioners of Oklahoma County and/or the Oklahoma County Sheriff's Office (collectively "the County"). *See* Exhibit 1 attached hereto. As of the date of this filing, Plaintiff has not received any response to her Tort Claims Notice and,

1

therefore, the claims are presumed to be denied by operation of law, namely 51 O.S. § 157(A).

## PARTIES

4.      Plaintiff Cait Chapman is a resident of Yukon, State of Oklahoma.

5.      Pursuant to 51 OKLA. STAT. § 151 *et. seq.*, Defendant Oklahoma County Board of County Commissioners ("Defendant County Commissioners") is the governmental entity to which all claims against the Oklahoma County Detention Center are to be directed for purposes of legal redress of violations of law by the Oklahoma County Detention Center and its employees. All of the acts of the individual Oklahoma County Detention Center's employees, those whose names are known and those whose names are unknown at this time, were performed under the scope of employment and under the color of laws, statutes, policies, regulations, and/or customs of the United States and the State of Oklahoma

6.      Defendant Joseph Hedderman is an individual believed to be residing in Oklahoma County. At all relevant times, Defendant Joseph Hedderman was employed as a jail supervisor by the Oklahoma County Detention Center and was acting within the scope of his employment and in furtherance of the business. Pursuant to 51 O.S. § 153(C), Defendant Joseph Hedderman is being named as defendant under alternative allegations that he did not act within the scope of his employment.

7.      Pursuant to 51 OKLA STAT. § 151 *et. seq.*, Defendant P.D. Taylor ("Defendant Sheriff Taylor") was acting within his capacity as Sheriff of Oklahoma County at all relevant times. Defendant P.D. Taylor was in charge of staffing, training, and directing the actions of those deputies and employees of the Oklahoma County Sheriff's Office and Oklahoma County Detention Center. All of the acts of the individual employees under the control and supervision of Defendant P.D. Taylor, those whose names are known and those whose names are unknown at

2

this time, were performed under the scope of employment and under the color of laws, statutes, policies, regulations, and/or customs of the United States and the State of Oklahoma.

## FACTUAL ALLEGATIONS

8.      On or about April 8, 2019, Cait Chapman was being held in custody in Oklahoma County Detention Center (herein referred to as "Defendant Detention Center"). While in custody of Defendant Detention Center, Cait Chapman was viciously and unlawfully assaulted by the jail supervisor Joseph Hedderman while he was acting within his employment duties. At all relevant times, Defendant Detention Center instigated, controlled, and directed the acts of Defendant Joseph Hedderman. While acting within his duty as jail supervisor, Defendant Hedderman shot Ms. Chapman in the face at close proximity with a pepper spray gun, which fires a type of pepper gel at approximately 400 miles per hour. While Ms. Chapman was incapacitated after being shot at point-blank range with pepper gel, the jail supervisor savagely kicked Ms. Chapman in the chest.

9.      After Defendant Joseph Hedderman unlawfully assaulted and battered Cait Chapman, Defendant Sheriff Taylor admitted the actions taken by Mr. Hedderman were unlawful and apologized to Ms. Chapman. As a result, Defendant Joseph Hedderman was arrested and charged with Assault and Battery and Assault and Battery with a Dangerous Weapon. *See Affidavit of Probable Cause*, attached hereto as Exhibit 2.

10.     As a result of Defendant Detention Center's assault, Ms. Chapman has suffered medical expenses and other damages associated with her personal injury. This incident has also caused Cait Chapman severe mental anguish and emotional distress.

## FIRST CLAIM FOR RELIEF
## ASSAULT AND BATTERY

11.     The allegations contained in paragraphs 1 through 10 are incorporated by

3

reference, as if fully repeated herein.

12.     Plaintiff Cait Chapman was assaulted and battered by Defendant Detention Center's employee, Defendant Joseph Hedderman, when he unlawfully discharged a harmful pepper spray gun at close proximity at Plaintiff Cait Chapman's face, and subsequently forcibly kicked her in the chest after she was incapacitated.

13.     The actions taken against Plaintiff Cait Chapman described in paragraph 12 constitute Assault and Battery under Oklahoma law.

14.     Defendant Sheriff Taylor acknowledged and admitted Defendant Joseph Hedderman committed Assault and Battery. *See* Exhibit 2.

15.     Immediately after the incident, Defendant Sheriff Taylor fired Defendant Joseph Hedderman and sought criminal charges against him for Assault and Battery and Assault and Battery with a Deadly Weapon.

16.     Defendant County Commissioners and Defendant Sheriff Taylor are liable for the legal obligations of Defendant Detention Center pursuant to 51 OKLA. STAT. § 151 *et. seq.*. The Oklahoma County Detention Center is vicariously liable for actions of its employee, Joseph Hedderman, under *Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, 1245 and Oklahoma law.

17.     Plaintiff Cait Chapman is entitled to damages caused by this assault and battery.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18.     The allegations contained in paragraphs 1 through 17 are incorporated by reference, as if fully repeated herein.

19.     Defendant Joseph Hedderman acted intentionally or recklessly when he unlawfully discharged a harmful pepper spray gun at close proximity at Plaintiff Cait Chapman,

4

and subsequently forcibly kicked her after she was incapacitated.

20. The conduct of Defendant Joseph Hedderman was extreme and outrageous.

21. Because of Defendant Joseph Hedderman's extreme and outrageous conduct, Ms. Chapman incurred actual and severe emotional distress as a result of the Defendants' conduct.

22. Plaintiff Cait Chapman is entitled to damages caused by Defendant Joseph Hedderman's intentional infliction of emotional distress.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT HIRING OF JOSEPH HEDDERMAN

23. The allegations contained in paragraphs 1 through 22 are incorporated by reference, as if fully repeated herein.

24. Defendant County Commissioners and Defendant Sheriff Taylor had a duty of reasonable care owed to Plaintiff Cait Chapman to hire a competent, qualified, and safe employee.

25. Defendant County Commissioners and Defendant Sheriff Taylor breached its duty of reasonable care by hiring Defendant Joseph Hedderman who was incompetent, unfit, and dangerous.

26. The failure of Defendant County Commissioners and Defendant Sheriff Taylor to exercise reasonable care was a proximate cause of the injuries and loss suffered by the plaintiff.

27. Plaintiff Cait Chapman is entitled to damages caused by the negligent hiring of Joseph Hedderman.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT TRAINING AND SUPERVISION OF JOSEPH HEDDERMAN

28. The allegations contained in paragraphs 1 through 27 are incorporated by reference, as if fully repeated herein.

5

29.     Defendant County Commissioners and Defendant Sheriff Taylor had a duty to train and supervise its employees to prevent incidents and injuries such as the subject incident of this case in which Plaintiff Cait Chapman was injured by the lack of training and supervision.

30.     Defendant County Commissioners and Defendant Sheriff Taylor breached their duty of supervision over employees to Plaintiff Cait Chapman by not supervising Defendant Joseph Hedderman adequately.

31.     The failure of Defendant County Commissioners and Defendant Sheriff Taylor to exercise reasonable care was a proximate cause of the injuries and loss suffered by Plaintiff Cait Chapman.

32.     Plaintiff Cait Chapman is entitled to damages caused by the negligent training and supervision of Defendant Joseph Hedderman.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENT RENTENTION OF JOSEPH HEDDERMAN

33.     The allegations contained in paragraphs 1 through 32 are incorporated by reference, as if fully repeated herein.

34.     Upon information and belief, Defendant County Commissioners and Defendant Sheriff Taylor knew or should have known that their employee Defendant Joseph Hedderman was likely to cause the incident and injury to Plaintiff.

35.     Defendant County Commissioners and Defendant Sheriff Taylor had a duty to retain only competent, qualified, and safe employees.

36.     Defendant County Commissioners and Defendant Sheriff Taylor breached their duty of retention to Plaintiff Cait Chapman by retaining Defendant Joseph Hedderman in its employ.

37.     The failure of Defendant County Commissioners and Defendant Sheriff Taylor to

6

exercise reasonable care was a proximate cause of the injuries and loss suffered by Plaintiff Cait Chapman.

38. The actions and omissions of Defendant County Commissioners and Defendant Sheriff Taylor were willful and wanton behavior, with complete and gross disregard for Plaintiff Cait Chapman's safety and well-being.

39. Plaintiff Cait Chapman is entitled to damages caused by the negligent retention of Defendant Joseph Hedderman.

## SIXTH CLAIM FOR RELIEF
## STATE-CREATED DANGER UNDER 42 U.S.C.A. § 1983

40. The allegations contained in paragraphs 1 through 39 are incorporated by reference, as if fully repeated herein.

41. Defendant County Commissioners and Defendant Sheriff Taylor acted under the color of a statute, ordinance, regulation, custom, or usage of the State of Oklahoma during the time of events which led to this action.

42. Defendant County Commissioners and Defendant Sheriff Taylor directly acted with reckless indifference during their training of Defendant Joseph Hedderman and when a representative of the County directed and allowed Defendant Joseph Hedderman to assault and batter Plaintiff Cait Chapman.

43. The direct actions of Defendant County Commissioners and Defendant Sheriff Taylor created and increased the danger that ultimately led to the violence which was suffered by Plaintiff Cait Chapman when Defendant Joseph Hedderman assaulted and battered Plaintiff.

44. The actions of Defendant County Commissioners and Defendant Sheriff Taylor were foreseeable causes of the injuries and damages sustained by Plaintiff Cait Chapman.

45. Plaintiff Cait Chapman is entitled to damages caused by the danger created by

7

Defendant County Commissioners.

## SEVENTH CLAIM FOR RELIEF
## USE OF EXCESSIVE AND UNLAWFUL FORCE UNDER 42 U.S.C.A. § 1983

46.     The allegations contained in paragraphs 1 through 45 are incorporated by reference, as if fully repeated herein.

47.     Defendant Joseph Hedderman, as an employee and agent of Defendant County Commissioners and Defendant Sheriff Taylor, used excessive force against Plaintiff Cait Chapman when he unlawfully discharged a harmful pepper spray gun at close proximity at Plaintiff Cait Chapman's face, and subsequently forcibly kicked her in the chest after she was incapacitated.

48.     The use of excessive force by Defendant Joseph Hedderman and the employees and agents of Defendant County Commissioners and Defendant Sheriff Taylor deprived Plaintiff Cait Chapman of her federal constitutional rights.

49.     The use of excessive force by Defendant Joseph Hedderman and the employees and agents of Defendant County Commissioners and Defendant Sheriff Taylor was done by individuals acting under the color of state law and federal law.

50.     The use of excessive force by Defendant Joseph Hedderman and the employees and agents of Defendant County Commissioners and Defendant Sheriff Taylor exceeded the level of a constitutional deprivation.

51.     Plaintiff Cait Chapman is entitled to damages caused by the excessive force.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against the Defendants as follows:

    **1.** For general compensatory damages in excess of $75,000.00;

8

2.  For any punitive damages that may be allowed by state and federal law;

3.  For any attorneys' fees and costs pursuant to applicable state and federal law;

4.  For pre-judgment interest on the damages sustained by Plaintiff;

5.  For all such other and further relief as the Court deems just and proper.

Respectfully submitted,

TAYLOR, FOSTER, MALLETT, DOWNS,
RAMSEY & RUSSELL

DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
COLTON G. SCOTT, OBA #33771
cscott@soonerlaw.com
400 West Fourth Street
Post Office Box 309
Claremore, Oklahoma 74018-0309
Telephone:     918-343-4100
Facsimile:      918-343-4900
*Attorneys for Plaintiff Cait Chapman*

1

# TAYLOR, FOSTER, MALLETT, DOWNS, RAMSEY & RUSSELL

*A Professional Corporation*

Stratton Taylor†
Toney D. Foster
Brad Mallett†
Darrell W. Downs*†
Mark H. Ramsey†
Clint Russell†
Jacob R. Daniel
Leah Messner
Colton G. Scott

\* Also Licensed in Arkansas
† Admitted in certain Tribal Courts

400 West Fourth Street
Claremore, OK 74017
www.soonerlaw.com

**Mailing Address:**
**P.O. Box 309**
**Claremore, OK 74018**
http://www.soonerlaw.com

*Voice* 918.343.4100
*Fax* 918.343.4900

July 19, 2019

*Via Certified Mail*

Board of County Commissioners
Attn: Oklahoma County County Clerk
320 Robert S. Kerr, Room 203
Oklahoma City, Oklahoma 73102

> **Re:** **Notice of Claim for Money Damages for Negligence**
> **and Personal Injury of Cait Chapman**
> **as a result of negligence on or about April 8, 2019**

To Whom it May Concern:

Claimant, Cait Chapman, hereby submits the following information for her notice of claim for personal injury against Oklahoma County, State of Oklahoma, pursuant to the Governmental Tort Claims Act, 51 O.S. § 151 et seq. and states as follows:

1.      The claimant, Cait Chapman, resides in Yukon, OK 73099, and her telephone number is 405-838-7792.

2.      The Plaintiff is represented by counsel as follows:

Colton G. Scott
Taylor, Foster, Mallett, Downs,
Ramsey & Russell
P.O. Box 309
400 West Fourth Street
Claremore, Oklahoma 74017
918-343-4100
918-343-4900 - Facsimile


EXHIBIT
1

Notice of Claim
July 19, 2019
Page 2

3.    Joseph Hedderman is a resident of Oklahoma County and previously worked as a jail supervisor for Oklahoma County Jail located at 201 N Shartel Ave., Oklahoma City, OK 73102.

4.    On or about April 8, 2019, Cait Chapman was being held for protective custody in Oklahoma County Jail. While in protective custody of Oklahoma County Jail, Cait Chapman was viciously assaulted by former jail supervisor Joseph Hedderman. While acting within his duty as jail supervisor, Mr. Hedderman shot Ms. Chapman in the face at close proximity with a Piexon JPX Pepper Spray Gun, which fires a type of pepper gel at approximately 400 miles per hour. While Ms. Chapman was incapacitated after being shot at point-blank range with pepper gel, Joseph Hedderman savagely kicked Ms. Chapman in the chest.

5.    As a result of the Oklahoma County Jail supervisor's assault, Ms. Chapman has suffered medical expenses and damages associated with her personal injury. This incident has also caused Cait Chapman mental anguish and emotional distress. For these losses, claimant demands compensation for general and special damages in the amount of $175,000.00.

6.    Pursuant to 51 O.S. § 157, claimant will bring an action in the District Court of Oklahoma County, State of Oklahoma, against the Oklahoma County Commissioners, Oklahoma County Jail, and any other county associate affiliated with this incident if the claim has not been approved within ninety (90) days of its receipt.

We respectfully request that a copy of this Notice be sent to the insurance carrier and/or appropriate provider with the request that the same carrier or provider will contact us regarding this claim so that we may submit supporting documentation and other information pertaining to this accident.

Thank you for your attention to this matter and I look forward to your response.

Sincerely yours,

Colton G. Scott

CS:hm

CERTIFIED MAIL

RE: Tort Claim Notice

9214 7966 2857 0206 0007 61

TAYLOR FOSTER LAW FIRM
ATTN: HOLLY MILLER
PO BOX 309
CLAREMORE OK 74018

BOARD OF COUNTY COMMISSIONERS
ATTN: OKLAHOMA COUNTY COUNTY CL
320 ROBERT S. KERR, ROOM 203
OKLAHOMA CITY OK 73102

RECEIPT
9214 7966 2857 0206 0007 61

FROM:
Taylor Foster Law Firm
RE: Tort Claim Notice

SEND TO:
Board of County Commissioners
Attn: Oklahoma County County C
320 Robert S. Kerr, Room 203
Oklahoma City OK 73102

FEES:
Postage          0.50
Certified Fee     3.45
Return Receipt    2.75
Restricted
TOTAL         $ 6.70
POSTMARK OR DATE

SENDER: COMPLETE THIS SECTION

TAYLOR FOSTER LAW FIRM
ATTN: HOLLY MILLER
PO BOX 309
CLAREMORE OK 74018

1. Article Addressed to:

BOARD OF COUNTY COMMISSIONERS
ATTN: OKLAHOMA COUNTY COUNTY
320 ROBERT S. KERR, ROOM 203
OKLAHOMA CITY OK 73102

9290 9966 2857 0206 0007 65

2. Article Number (Transfer from service label)
9214 7966 2857 0206 0007 61

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____   □ Agent
                            □ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

CLERK

3. Service Type   ☒ Certified Mail®   □ Certified Mail®
                                      Restricted Delivery

PS Form 3811 Facsimile, July 2015           Domestic Return Receipt

**2**

# AFFIDAVIT OF PROBABLE CAUSE

CPC-19-2995

STATE OF OKLAHOMA)

Vs.

STATE OF OKLAHOMA)
COUNTY OF OKLAHOMA)    SS.

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 1 5 2019

RICK WARREN
COURT CLERK
19_____

| | |
|---|---|
| **Name:** | Joseph Leroy Hedderman |
| **Race, Sex, DOB:** | W/M/02-16-1990 |
| **Count 1:** | Assault and Battery with a Dangerous Weapon | O.S. 21 § 645 |
| **Count 2:** | Assault and Battery | O.S. 21 § 644.B |
| **Date of Occurrence:** | April 8, 2019 |
| **Location of Occurrence:** | 201 N. Shartel Avenue Oklahoma City, OK 73102 |

## SUMMARY

*I, Bruce Henley, a Deputy Sheriff with the Oklahoma County Sheriff's Office currently assigned to the Investigative Services Division, in Oklahoma County, Oklahoma, and having acquired Basic Cleet certification as a Peace Officer by the Council on Law Enforcement Education and Training within the State of Oklahoma for the past seven (9) years, do hereby swear and affirm that:*

On April 8, 2019, Joseph Hedderman, a supervisor assigned to the Oklahoma County Detention Center was involved in a use of force with CC, who was incarcerated. After reviewing reports and video surveillance, it was determined that Hedderman used unreasonable force by shooting CC in the face with a less-lethal option, specifically a Piexon JPX Jet Protector that uses a pyrotechnic charge (gunpowder) to deploy Oleoresin Capsicum (OC).

Video surveillance shows CC was incapacitated by the deployment and continued walking in the direction of Hedderman, where Hedderman delivered a front kick to the chest area of CC, causing the said inmate to fall to the ground.

On April 12, 2019, Hedderman was interviewed by investigators and placed under arrest for the mentioned charges.

AFFIANT: _Capt. Bruce Henley #20_
Captain Bruce Henley

Subscribed and sworn to before me this __12__ day of __April__ _____, 2019.

My Commission Expires: __11-20-20__

_Vicki E Klob_
NOTARY PUBLIC

This Court, having conducted a probable cause determination for the subject's arrest without a warrant finds:
[X]   That probable cause for the subject's arrest does exist and did at the time of the arrest.
[ ]   Probable cause did not exist for the subject's arrest and subject is ordered released immediately.

Done this __13__ day of __April__ , 2019 at __8:30__ o'clock __A__. m.

CERTIFIED COPY
AS FILED OF RECORD
IN DISTRICT COURT

JUL 2 2 2019

RICK WARREN COURT CLERK
Oklahoma County

JUDGE OF THE DISTRICT COURT

**EXHIBIT**
**2**