## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAIT CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-825-D |
| | ) | |
| JOSEPH HEDDERMAN, an individual, | ) | |
| OKLAHOMA COUNTY SHERIFF TOMMIE | ) | |
| JOHNSON III, in his Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Hedderman's Motion to Stay Civil Proceedings [Doc. No. 38] and Motion to Stay Deadline for Filing Answer [Doc. No. 39]. Plaintiff has filed a Response in Opposition to each Motion [Doc. Nos. 45, 45] and Mr. Hedderman has replied [Doc. Nos. 47, 48]. Sheriff Johnson has not filed a response to either Motion, but Mr. Hedderman represents that Sheriff Johnson does not object to either Motion. The matter is now at issue.

## BACKGROUND

Plaintiff Cait Chapman filed this lawsuit following a use of force incident at the Oklahoma County Detention Center ("OCDC"). She contends that Mr. Hedderman, at the time an employee of the OCDC, used excessive force when he fired a pepper-gel gun at her face while she was housed at the OCDC. She has sued Mr. Hedderman individually and Sheriff Johnson in his official capacity for claims arising under 42 U.S.C. § 1983 and state law.

Mr. Hedderman now contends that he is entitled to a stay of the civil proceedings because he has been charged with two misdemeanor counts of assault and battery in Oklahoma County District Court arising from the same use of force incident. Although he has filed a motion to dismiss the criminal charges, they remain pending at this time. He argues that a stay is appropriate because his Fifth Amendment rights and the integrity of both proceedings could be compromised if he is required to file an Answer or engage in discovery. Plaintiff opposes the motion, arguing that an indefinite stay is unnecessary and unfairly prejudicial.

## DISCUSSION

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). Indeed, a "defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* (internal quotation and citation omitted). Nevertheless, a district court may exercise its discretion to "defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970).

"When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080. Civil proceedings may also be stayed "for other reasons, such as to prevent either party from taking advantage of broader civil

discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080.

In determining whether a stay is appropriate, courts often balance the following six factors: (1) the extent to which issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay; (4) the private interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest. *Graham for Est. of Huff v. Garfield Cty. Det. Ctr.*, 2018 WL 4035971 at *3 (W.D. Okla. Aug. 23, 2018); *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1237 (N.D. Okla. 2003).

The first factor is the most important to consider. *Berreth v. Frazee*, No. 19-CV-00027-PAB-KMT, 2019 WL 10250759, at *2 (D. Colo. Apr. 1, 2019); *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc*., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Generally, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Sec. & Exch. Comm'n v. Dresser Indus., Inc*., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). This is so because "[t]he noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination." *Id.* at 1376; *see also Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.,* 886 F.

Supp. 1134, 1139 (S.D.N.Y. 1995) ("…self-incrimination is more likely if there is a significant overlap.").

Here, the issues raised in the civil case substantially overlap with the issues raised in the criminal case. The criminal charges against Mr. Hedderman arise from the exact same event at issue in this case – the use of force against Plaintiff at the OCDC. The substantial overlap between the criminal and civil cases raise legitimate concerns that Mr. Hedderman's Fifth Amendment rights will be implicated and distinguishes this case from situations where courts have declined to grant a stay. *See Creative Consumer Concepts, Inc.,* 563 F.3d at 1081 (affirming district court's denial of stay where "there was limited overlap between the issues and evidence in the civil and criminal case."). Accordingly, this factor weighs heavily in favor of granting a stay.

The second factor, the status of the case, similarly weighs in favor of granting a stay. A stay is most appropriate after charges have been filed because "the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued" and "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Transworld Mech., Inc.*, 886 F. Supp. at 1139; *see also Berreth v. Frazee,* No. 19-CV-00027-PAB-KMT, 2019 WL 10250759, at *2 (D. Colo. Apr. 1, 2019) ("[T]he fact that an indictment has been returned against Defendant is critical because it dictates both the degree of risk of self-incrimination and the length of potential delay to the civil case."). Mr. Hedderman has already had a criminal Information filed against him in state court, which increases the risk of self-incrimination and potentially reduces the need for a long delay in the civil case.

4

The remaining factors speak to the interests of the parties, the Court, and the public. While the Court and the public certainly have a strong interest in the prompt resolution of civil cases, awaiting the resolution of the criminal case may be the more efficient path because it could "(1) increase the possibility of settlement of the civil case, and (2) may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action." *Hilda M.*, 2010 WL at *6 (internal quotation omitted). Of course, Plaintiff also has a strong interest in the prompt resolution of her claims. This interest, however, is outweighed by the prejudice Mr. Hedderman would face if he were forced to choose between making incriminating statements during the civil proceedings or having an adverse inference drawn from the invocation of his Fifth Amendment rights. *See Berreth*, 2019 WL 10250759, at *2; *Curry v. Gonzales*, No. CIV 20-0116 RB/SCY, 2021 WL 1060770, at *3 (D.N.M. Mar. 18, 2021).

Balancing the relevant factors, and mindful of the Tenth Circuit's instruction to consider the extent to which a party's Fifth Amendment rights are implicated by parallel civil and criminal cases, the Court finds that a stay of discovery and an extension of time to respond to Plaintiff's operative pleading is warranted. Further, in the interest of judicial economy and avoiding duplication of effort, the Court finds that the stay of discovery should apply to all defendants.

Accordingly, Defendant Hedderman's Motion to Stay Civil Proceedings [Doc. No. 38] and Defendant Hedderman's Motion to Stay Deadline for Filing Answer [Doc. No. 39] are GRANTED as follows: this case is STAYED until January 31, 2022, unless the criminal case is resolved prior to that date. Defendant Hedderman is granted an extension

of time, until further order of the Court, to answer or otherwise respond to Plaintiff's operative pleading. Further, Mr. Hedderman is directed to file, on or before January 31, 2022, a report as to the status of the criminal case. If the criminal case is finally resolved before that date, Mr. Hedderman is directed to advise the Court within ten (10) days of the resolution. This stay shall not affect the Court's ability to rule on Defendant Johnson's Motion to Dismiss at its discretion.

**IT IS SO ORDERED** this 30th day of July, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge